**Jaafar AL AMMARAH, aka Jaafar Al Amarah, and Suha Samad Al Diwan, Petitioners,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–71707**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

June 22, 2016

Jaafar Al Ammarah, Pro Se, Simi Valley, CA, Owais Qazi, Immigration Lawyers of America PC, Corona, CA, for Petitioner Jaafar Al Ammarah.

Suha Samad Al Diwan, Pro Se, Simi Valley, CA, Owais Qazi, Immigration Lawyers of America PC, Corona, CA, for Petitioner Suha Samad Al Diwan.

Margot L. Carter, OIL, Trial Attorney, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jaafar Al Ammarah and Suha Samad Al Diwan, natives and citizens of Iraq, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because the inconsistencies as to the timing and circumstances of Al Ammarah's detention, his brother's arrest, and Al Ammarah going into hiding go to the heart of his claim of persecution in Iraq. *See id.* ("inconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination") (citation omitted). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioners' CAT claim also fails because it is based on the same testimony the agency found not credible, and petitioners do not point to any evidence that compels the finding it is more likely than not they would be tortured by or with the consent

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

or acquiescence of the government if returned to Iraq. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.